# Richmond.

## FRANCES L. TOWER v. L. S. FARRAR.

November 18, 1926.

1. STREETS AND HIGHWAYS—*Removal of Gates—Section 2011 of the Code of 1919—Discretion of Court.*—In a proceeding under section 2011 of the Code of 1919, for the removal of gates across a public road, after hearing evidence on behalf of the plaintiff and defendant, it is within the sound discretion of the board of supervisors, and upon appeal to the circuit court, in the discretion of the circuit court, subject to review as to whether such discretion has been properly exercised, either to dismiss the rule or to order the gates removed.

2. STREETS AND HIGHWAYS—*Removal of Gates—Section 2011 of the Code of 1919—Injury or Inconvenience to Plaintiff—Case at Bar.*—In the instant case, a proceeding under section 2011 of the Code of 1919 for the removal of gates across a public road, the evidence was overwhelming that, even if the road was a public road, the plaintiff was not injured or inconvenienced by the gates to the extent that would justify an order for the removal of the gates. Since an alteration of the road in question the part of it passing through defendant's land had been practically abandoned by the public, and plaintiff only used it when passing from one part of her farm to another. Her only complaint was that the gates were inconvenient when passing through with teams or farm machinery.

*Held:* That a judgment for defendant could not be disturbed.

Error to a judgment of the Circuit Court of Nelson county, in a proceeding under section 2011 of the Code of 1919 for the removal of gates across a public road. Judgment for defendant.   Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*L. Grafton Tucker,* for the plaintiff in error.

*Edward Meeks,* for the defendant in error.

Chichester, J., delivered the opinion of the court.

This is a proceeding under section 2011 of the Code 1919, instituted originally before the board of supervisors of Nelson county by the plaintiff in error, Frances L. Tower (hereafter called plaintiff), against L. S. Farrar, defendant, and hereafter so designated, for the removal of two gates from an alleged public road running through the lands of defendant and connecting two tracts of land owned by the plaintiff. The board of supervisors after hearing evidence declined to order the removal of the gates and upon appeal to the circuit court the order of the board of supervisors was affirmed. From the judgment of the circuit court a writ of error was awarded by one of the judges of this court which brings this judgment into review here.

The pleadings in the case consist of a rule issued by the board of supervisors against the defendant at the instance of the plaintiff summoning him to appear before the board and show cause why he should not be required to remove all gates, etc., from the public road described in the rule.

Neither the grounds upon which the rule was issued nor the reasons which would be urged for removal of the gates were set out in the rule, but it was conceded that it was issued under section 2011 of the Code 1919, and that section of the Code may therefore be read in connection with the rule and treated as a part thereof. That section is as follows: "If it be suggested by any citizen of this State to the board of supervisors of the county in which such gate is that any injury or inconvience results from any gate across a public road, the said board shall cause the owner of such gate to be summoned to appear at the next regular meeting of the board, and show cause why the same should not be dis-

continued; and upon the return of the order executed by any officer authorized to execute process, shall determine whether there ought to be such discontinuance or not. If the board decides that the gate shall be removed, it shall direct the proper road officer to remove the gate, and it shall be his duty so to do at such time as the board may direct."

It is obvious that the only issue before the board of supervisors and before the circuit court under the rule and the statute under which it issued, was whether any *injury* or *inconvenience* resulted from the location of the gates across the road in question.

[1] It is further apparent from the statute that after hearing evidence on behalf of the plaintiff and defendant, it is within the sound discretion of the board of supervisors, and upon appeal to the circuit court, in the discretion of the circuit court, subject to review as to whether such discretion has been properly exercised, either to dismiss the rule or to order the gates removed. For the statute says that the board "shall determine whether there ought to be such discontinuance or not."

[2] We shall concern ourselves solely with this issue. It is true that the evidence and the argument of counsel have taken a wider range—for instance, plaintiff's counsel contends that the gates were erected across the road without lawful authority. No evidence was introduced by the plaintiff to support the contention. The date of the opening of the road in question, as a public road, is not shown, nor is it shown when the gates were erected, although there is some evidence to the effect that they were erected about 1863. Under the Code of 1860, section 20, page 300, gates could be erected across public roads by permission of the county court, and while it would be presumed from the situation thus presented, in the absence of proof to the contrary, that

the gates were erected by lawful authority, and while the proceeding under section 2011 of the present Code presupposes the lawful erection of the gates, as heretofore stated we are not concerned with this question.

The defendant, on the other hand, contended that not only did no injury or inconvenience result from maintenance of the gates, but that the road was not a public road for the reason that it was discontinued as a public road in 1916 by operation of section 1984 of the Code when the board of supervisors altered the road by opening a new road and building a bridge over Rockfish river which connected the road in question with the county road along Rockfish river at the point where the new bridge was built instead of at the ford on defendant's land, rendering the continuation of this road as a public road unnecessary. Section 1984 declares: "Where any road is altered, it shall be discontinued to the extent of such alterations and no further." We shall not concern ourselves with this defense, for the reason that the evidence is overwhelming that even if the road is a public road, the plaintiff is not injured or inconvenienced to that extent which would justify ordering the removal of the gates.

The evidence shows that since the alteration of the road heretofore referred to, that part of it passing through defendant's land has been practically abandoned by the public and serves no public purpose; that it has never been worked as a public road since 1916; that it is in bad condition and very steep; that the ford to which it leads is rough and at times dangerous; that no complaint, with one minor exception, has ever been made heretofore because of the gates, even when the road was the only outlet from the neighborhood through which it runs across the Rockfish river to the public road beyond the river; that the plaintiff uses the road

and then only in passing from one portion of her farm to the other; that her only complaint is that it is inconvenient, when passing through with teams or farm machinery, to have to stop and open and close gates; and that, if the gates were removed it would cost defendant more to fence in his fields along the road than it would be worth to him. Under such circumstances we do not think the board of supervisors of the circuit court upon appeal abused the discretion reposed in them by the statute, and we are of opinion to affirm the judgment of the circuit court.

*Affirmed.*